IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
SEPTEMBER 11, 2007 Session

DIANA S. LOWRY v.
TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES

Direct Appeal from the Chancery Court for Davidson County
No. 05-483-III     Ellen Hobbs Lyle, Chancellor

No. M2006-02418-COA-R3-CV - Filed December 17, 2007

This appeal involves the lower court's dismissal of a case with prejudice for failure to prosecute. The Department of Children's Services fired the petitioner, and she requested an administrative hearing. The Administrative Law Judge upheld the termination, and the petitioner appealed to the chancery court in Shelby County. Pursuant to statute, the case was transferred to Davidson County. After one year, the chancellor entered an order that the petitioner schedule the case for a final hearing. The parties set a hearing date, but in violation of local rules the petitioner failed to submit a trial brief. The petitioner's counsel twice requested a continuance, which was denied each time. The petitioner's counsel withdrew, and the petitioner decided to proceed *pro se*. The petitioner was not on time for the hearing at 9:00 a.m. on October 5, 2006. She called the court, notifying all parties that she would be twenty minutes late. The judge waited until 9:40 and called the case, but the petitioner was not present. The judge then *sua sponte* dismissed the case with prejudice for failure to prosecute. The petitioner submitted a hand-written letter to the court with an explanation for her tardiness. The court treated the letter as a motion to alter or amend, and denied the motion. The petitioner appeals. We reverse and remand.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed &
Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which W. FRANK CRAWFORD, J., and JEFFREY STEWART, SP. J., joined.

Mark Allen Mayhew, Nashville, TN, for Appellant

Robert E. Cooper, Attorney General and Reporter; Eugene B. Whitesell, Senior Counsel, Nashville, TN, for Appellee

OPINION

## I. FACTS & PROCEDURAL HISTORY

Diana S. Lowry ("Lowry" or "Appellant") was a foster care unit case manager with the Tennessee Department of Children's Services ("DCS" or "Appellee") for nearly twenty-five years. Lowry contends that she had an excellent employment record until 2001, when Lowry and the new Regional Administrator, Juanita White ("White"), began to clash. Lowry believed White's interference in Lowry's cases was for the purpose of lowering the number of children in foster care, and thus cutting costs, by placing these children back in unsafe homes. Lowry further contends that because she reported White to the Nashville regional office, White wanted her fired. DCS contends that Lowry's performance was less than to be desired in several areas, including the following: "failure to provide appropriate assistance to a foster care family; failure to maintain harmonious relationships with a provider agency; failure to share treatment information with a provider agency; and inappropriate placement of children in an unapproved foster home."

In October 2001, DCS notified Lowry of the charges against her and held a hearing. Lowry was suspended for 10 days. Lowry then filed a grievance regarding the suspension and also claimed harassment by White and by a Team Coordinator, Mitchell Holmes. After DCS held a review hearing, Commissioner George Hattaway upheld the suspension. Along with the ten day suspension, in October 2001, DCS reassigned Lowry from the foster care unit to the assessment unit. Lowry worked at the assessment unit for two months. There, she received an oral warning for refusing to fulfill her assessment duties.

On December 17, 2001, DCS reassigned Lowry, this time to the Wilder Youth Development Center. Lowry reported to the new assignment, but left the same day. Lowry contends she left because she was not qualified to conduct therapy, as she was required to do at the new job. Also, she claims her supervisor told her she would have to break up fights between the juvenile inmates, and thus she was fearful of working in that environment. DCS brought new charges against Lowry, including her refusal of the Wilder Youth Development Center reassignment. A hearing was held on January 11, 2002, and DCS terminated Lowry by letter dated January 14, 2002.

Lowry filed a grievance with DCS concerning the termination and restated her harassment claim. The consolidated Fifth-Step Civil Service hearing was held on September 11 through September 13, 2002. Administrative Law Judge John Hicks entered an initial order upholding the suspension and the termination. The judge found that "[a]fter her suspension and transfer [to the assessment unit], [Lowry] mishandled confidential documents, interfered with children on her former caseload, and was generally insubordinate. [Lowry's] conduct left [DCS] no choice but to terminate her employment." Interestingly, the order does not mention the Wilder Youth Development Center transfer. After review, the Civil Service Commission adopted the initial order, and it became a final order on October 29, 2003.

On December 19, 2003, Lowry filed a motion in chancery court in Shelby County for a stay of the final order and/or review of the final order. On February 24, 2004, Lowry filed an amended

petition for writ of certiorari and request for judicial review of the Administrative Law Judge's order in the same court. On March 24, 2004, the Attorney General's Office sought transfer of the case from Shelby County to Davidson County pursuant to Tenn. Code Ann. § 4-5-322 (b)(2). Chancellor Arnold Goldin ordered the case to be transferred to Davidson County on February 15, 2005. Chancellor Ellen Hobbs Lyle entered an order on February 17, 2006, notifying the parties that the Davidson County Chancery Court had received the case, and that if Lowry "intends to pursue this matter, [she] shall contact counsel for the respondent to obtain convenient Thursday dates for a final hearing, . . . to set the matter on the Court's docket." The court warned that "[i]f an order setting the matter for final hearing is not entered prior to March 16, 2006, the case shall be dismissed without prejudice."

On May 4, 2006, the court entered a consent order setting the final hearing for 9:00 a.m. on October 5, 2006. The Attorney General, on behalf of the Tennessee Civil Service Commission,[1] filed application with the court for an order to supply a record pursuant to Tenn. Code Ann. § 24-8-109, as the original administrative record was "lost or mislaid unintentionally." The court entered an order on May 22, 2006 directing that the duplicate record would be deemed the official record, and the duplicate record was filed this same day.

Lowry's attorney moved for a 120 day continuance on September 11, 2006, stating that he needed more time to prepare a brief and prepare for the hearing. The court denied the continuance, noting that Lowry's attorney had five months to prepare a brief and prepare for the hearing. The court also stated that "this is an aged case which has not been diligently prosecuted." Lowry's counsel requested a continuance for the second time on October 2, 2005, alleging the same grounds as the first motion, and that Lowry "has contacted substitute counsel" who needed additional time to prepare for trial. This motion was likewise not well taken, and the court denied the continuance.

On October 4, a day before the scheduled hearing, Lowry's counsel filed a "Motion of Petitioner to Discharge Counsel and of Counsel to Withdraw." Lowry's counsel sought to withdraw and stated that Lowry wished to proceed *pro se*. Lowry's counsel had not filed a brief before his withdrawal, and DCS made a motion to dismiss for failure to submit a brief. The court denied the motion, even though the case was "at risk for failure to prosecute due to its age," because "[d]ismissal based upon failure to file a brief is a drastic remedy reserved for extraordinary circumstances.[2] The Court concludes that the circumstances in this case are negligent but not

---

[1] Lowry named DCS as the respondent party, but the Tennessee Civil Service Commission made the final decision which was the subject of the review.

[2] Davidson County Local Rule 25.01 states as follows:

> *Briefs must be filed* in all cases heard by the court upon the record from an administrative tribunal or agency. If a *petitioner-appellant* fails to file his or her brief within the time provided by this rule or within the time ordered by the court, the action *may be dismissed* and the agency decision affirmed. If the defendant-appellee has not filed his or her brief within the time provided by this rule or within the time ordered by the court, the court may decide the case solely

(continued...)

egregious enough to warrant dismissal." The court did rule that Lowry would not be allowed to submit any additional filings: "despite these circumstances of delay and neglect, the papers filed by the petitioner to date provide sufficient information and notice to the Court and opposing counsel for the respondent to defend." The court also entered a consent order on October 4 allowing for Lowry's attorney to withdraw.

On October 5, Lowry was late to the 9:00 a.m. hearing. Lowry called the docket clerk, notifying the court that she was running late but would be there by 9:20 a.m. At 9:40 a.m., the court called the case, but Lowry had not arrived. The court then *sua sponte* dismissed the matter with prejudice for failure to prosecute. In the order of dismissal, the court noted that pursuant to Davidson County Local Rule 18, the case was not prosecuted within a year of filing and therefore, the "Court assumed management of the case" and ordered that the parties set the case for a hearing.[3] The order further stated that "[d]espite five months notice of the final hearing date, counsel for the petitioner, four weeks prior to the final hearing, sought a continuance to 'prepare a brief.' . . . Next, counsel for the petitioner, three days before the final hearing, filed another motion for continuance on the same grounds . . . ." The court pointed out that Appellee arrived on time for the hearing and that they had "incurred enormous time and expense of producing a record in excess of six volumes. The respondent prepared a comprehensive brief. The respondent has answered various motions filed. The petitioner filed no brief with citations to the voluminous record to assist the Court in judging the petitioner's claim." Thus, the court concluded:

> [T]he foregoing constitute such extreme circumstances of neglect and failure to prosecute by the petitioner which circumstances have resulted in unnecessary additional expense to the respondent, that dismissal of the above-captioned matter with prejudice is justified.

Lowry filed a hand-written letter with the court on the same day, requesting that the court reinstate the case. In the letter, she blamed her tardiness on the hotel's failure to give her a wake-up call and as a result, she overslept. She also claimed that she arrived at the courthouse only to find that the chancery court had temporarily moved. She claimed her previous attorney had told her to go to the wrong location. Lowry called the court to let the judge know that she was on her way, but she claimed that her cell phone battery soon died and was unable to place or receive any more calls. She arrived at 9:50, but the courtroom was empty. As to the slow-moving pace of the matter in general, Lowry said that for almost five years, her attorney advised her to wait for a settlement. As to her failure to file a trial brief, Lowry stated that her attorney did not file one because he assured Lowry that the parties would settle.

---

[2](...continued)
upon the record and the petitioner-appellant's brief. (emphasis added).

[3] Davidson County Local Rule 18.01 provides that "[a]ll civil cases must be concluded or an order setting the case for trial obtained with twelve (12) months from date of filing unless the court has directed a shorter or longer period." Rule 18.02 states that "[t]o expedite cases, the court may take reasonable measures *including dismissal . . . .*" (emphasis added).

The court treated the letter as a Rule 59.04 motion to alter or amend,[4] and denied the motion: "[a]pplying the criteria for Rule 59 motions, the court finds that the letter/motion presents no new facts to the Court. The facts in the letter/motion are in essence the same as they were when the Court entered the final order of dismissal."

## II.  ISSUE PRESENTED

Appellant raises several issues related to the administrative hearing and the merits of her claim. The only issue before this court is whether the chancery court abused its discretion when it dismissed Lowry's claim for failure to prosecute.

## III.  STANDARD OF REVIEW

We review a trial court's dismissal of a party's claim for failure to prosecute under an abuse of discretion standard. *Woodruff ex rel. National Bank of Commerce v. Sutton*, No. W2006-00434-COA-R3-CV, 2006 WL 3734649, at *3 (Tenn. Ct. App. Dec. 20, 2006). We will not disturb the trial court's decision to dismiss absent an affirmative showing that the trial court abused its discretion. *Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 WL 1285331, at *2 (Tenn. Ct. App. Sept. 6, 2000) (citations omitted). A court abuses its discretion when it applies the wrong legal standard, reaches an illogical decision, or reaches a decision that causes injustice to the complaining party. *State ex. rel. Flowers v. Tenn. Trucking Assoc. Self Ins. Group Trust*, 209 S.W.3d 602, 610 (Tenn. Ct. App. 2006) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). As the reviewing court, we must not substitute our judgment for that of the trial court. *See id.* (citation omitted).

## IV.  DISCUSSION

Rule 41.02(1) of the Tennessee Rules of Civil Procedure provides that a defendant may move for dismissal of the claim if a plaintiff has failed to prosecute or comply with any order of the court. Also, the court may, on its own motion, dismiss for failure to prosecute. *Townsend Scientific*

---

[4]  "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."  Tenn. R. Civ. P. 59.04.

***Trust v. Food Technology Investors, L.P.***, No. W2005-00835-COA-R3-CV, 2006 WL 47433, at *2 (Tenn. Ct. App. Jan. 11, 2006) (quotation omitted). Our Supreme Court has warned, however, that "[d]ismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits." ***Henry v. Goins***, 104 S.W.3d 475, 481 (Tenn. 2003) (citation omitted). Therefore, this harsh sanction must "be exercised most sparingly and with great care." ***Johnson v. Wade***, No. W1999-01651-COA-R3-CV, 2000 WL 1285331, at *2 (Tenn. Ct. App. Sept. 6, 2000) (citing *Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730, 731 (Tenn.1978)).

Turning back to the present case, we do not believe that the circumstances justify the harsh sanction of denying this party her day in court. Lowry was late to the 9:00 hearing, and clearly the judge was not pleased. But Lowry did call, notifying the parties that she was on her way. The chancery court apparently was not meeting in its customary location, and Lowry's attorney had withdrawn only one day prior to her scheduled hearing. Lowry's attorney failed to submit a trial brief as required by the local rules of court, but we do not believe that this *pro se* litigant[5] should be denied access to the court system due to her former attorney's apparent lack of diligence. While courts do have the power to dismiss a case *sua sponte* for failure to prosecute, we do not believe that this case poses a situation of such extreme neglect as to justify such a result. *See **Johnson v. Wade***, No. W1999-01651-C0A-R3-CV, 2000 WL 1285331, at *2 (Tenn. Ct. App. Sept. 6, 2000) ("Dismissal is a harsh sanction and in order to ensure that the rights of the parties are not impaired, this power must be exercised most sparingly and with great care.");***Thompson v. Dickerson***, No. 02A01-9702-CV-00034, 1997 WL 437228, at *2 (Tenn. Ct. App. W.S. Aug. 1, 1997) (cautioning that "the occasions for the proper exercise of this [*sua sponte*] power are considered by this Court to be few indeed."). In sum, we believe that the trial court applied an extreme measure in dismissing this case with prejudice for failure to prosecute.

## V. Conclusion

For the aforementioned reasons, we reverse and remand to the trial court for further proceedings. It would be inequitable to assess the costs of this appeal against Appellee, as through no fault of their own, this matter was dismissed with prejudice. Thus, in our discretion, costs of the

---

[5] We point out that Lowry began this appeal *pro se*, filing her own brief and reply brief, but employed counsel to represent her before this Court at oral argument. It is unclear whether Lowry will represent herself at the trial court on remand.

appeal are assessed against Appellant, Diana S. Lowry, and her surety for which execution may issue if necessary.

_____
_____ ALAN E. HIGHERS, P.J., W.S.