Catherine HARRIS, Appellant,

v.

**BAPTIST MEMORIAL HOSPITAL,**
**Appellee.**

Supreme Court of Tennessee.

Dec. 18, 1978.

Sammie Fletcher Kennard, Memphis, for appellant.

Max Shelton, Manire, Harris, Shelton & Dunlap, Memphis, for appellee.

## OPINION

BROCK, Justice.

This is a workmen's compensation case. On December 16, 1975, Catherine Harris, a nurse's aide at Baptist Hospital, alleges that she heard something pop in her neck as she assisted in lifting a patient, that she continued to work that day and complained to her supervisor about pain in her neck and lower back but did not otherwise report the injury at that time. The next day she went to see a private physician, Dr. Porter. She returned to work on December 18, but experienced greater pain. Thereafter, she remained off work. On December 30, 1975, Mrs. Harris formally reported the injury sustained on December 16. The hospital refused to pay compensation benefits, but paid Mrs. Harris "sick benefits" pursuant to the contract of employment until January, 1977. This action under the Workmen's Compensation Act was filed in September, 1976. The hospital persisted in its refusal to pay and filed a counterclaim for a setoff for the amount of sick benefits paid to Mrs. Harris. After hearing only the opening statements of counsel, the trial judge, *sua sponte*, dismissed the action. No evidence was presented by either side. There is no bill of exceptions.

The question presented is whether the trial court is authorized to dismiss an action, *sua sponte*, after hearing only the opening statements of counsel, no evidence or stipulation having been received. We find no Tennessee case in point. In some other jurisdictions the court may do so, but only under limited circumstances, i. e., where there are no questions of fact, where the action raises only questions of law, or where it is clear that the plaintiff is not entitled to recover or that the defendant has no defense. *See* Annot., 5 A.L.R.3d 1405 (1966).

### I

First, we consider whether the trial judge is authorized to act *sua sponte* in ordering the involuntary dismissal of an action. Prior to the adoption of the *Tennessee Rules of Civil Procedure*, it was held in several cases that a Chancellor, trying a case without a jury, was authorized to act *sua sponte* in dismissing an action when he found no equity in the case. *Connor v. Frierson*, 98 Tenn. 183, 38 S.W. 1031 (1886); *Mengle Box Co. v. Lauderdale County*, 144 Tenn. 266, 230 S.W. 963 (1921); *Frazier v. Lindsey*, 162 Tenn. 228, 36 S.W.2d 436 (1930). In each of these cases, however, the Chancellor heard the evidence offered by the parties before ordering the involuntary dismissal. We note that Rule 41(b) of the *Federal Rules of Civil Procedure*, after which Rule 41.02 of the *Tennessee Rules of Civil Procedure* is patterned, has been construed to authorize a trial judge, *sua sponte*, to dismiss an action upon adequate grounds. *Link v. Wabash Railway Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 24 Am.Jur.2d *Dismissal, Discontinuance, and Nonsuit* § 69 (1966) and cases there cited.

■ Although Rule 41.02 does not expressly so provide, we are of the opinion that a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired. It must be remembered that Rule 41.02(3), *Tennessee Rules of Civil Procedure*, provides that all dismissals, except those for lack of jurisdiction, improper venue or lack of an indispensable party, shall operate as an adjudication upon the merits unless the court in its order of dismissal otherwise provides. In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

### II

We are of the opinion, however, that the trial judges of this State are not authorized to order the involuntary dismissal of an action at trial upon the sole basis of the opening statements of counsel. Such a practice was not recognized in this State prior to the adoption of the *Tennessee Rules of Civil Procedure* and we find nothing in

those rules to countenance such a practice now. The applicable rule is Rule 41.02(2), governing involuntary dismissals at trial, which provides:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence; in the event judgment is rendered at the close of plaintiff's evidence, the court shall make findings of fact if requested in writing within three days after the announcement of the court's decision."

Clearly, this rule contemplates that the plaintiff's evidence shall be heard and evaluated by the court prior to an involuntary dismissal order at trial. We note also that Rule 50.01 governing the granting of a directed verdict in a jury trial also limits the power of the court to do so to that point in the trial ". . . at the close of the evidence offered by an opposing party or at the close of the case."

■ Of critical importance here is the nature of opening statements. They are intended merely to inform the trial judge and jury, in a general way, of the nature of the case and to outline, generally, the facts each party intends to prove. Such statements do not amount to stipulations and certainly are not a substitute for the pleadings or for evidence. *See* 75 Am.Jur.2d *Trials* § 202 (1974). It is easy to see that an involuntary dismissal upon the basis of the opening statements of counsel alone may effectively deny the litigants the opportunity to be heard or to fully present the facts and evidence in the case. For this reason, we are unwilling to expand the provisions of Rule 41.02 to authorize trial judges to order involuntary dismissals upon opening statements only.

■ In the instant case the complaint and the answer made up issues of disputed fact which should have been resolved only through the introduction and consideration of evidence, not upon the opening statements of counsel. We, therefore, reverse the judgment of the trial court and remand this cause for trial upon the merits.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.