IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

ROBERT L. MUSGROVE AND )  C/A NO. 03A01-9707-CV-00301
JEWELL MUSGROVE, )
)  SCOTT CIRCUIT
    Plaintiffs-Appellants, )
)  HON. CONRAD TROUTMAN,
v. )  JUDGE
)
DAVID B. COFFEY, M.D., AND )
OAK GROVE PRIMARY CLINIC, )
INC., )  AFFIRMED
)  AND
    Defendants-Appellees. )  REMANDED


JAMES L. MILLIGAN, JR., Knoxville, for Plaintiffs-Appellants.

R. FRANKLIN NORTON and GARY G. SPANGLER, Knoxville, for Defendants-Appellees.


**O P I N I O N**


Franks, J.


In this medical malpractice action the Trial Judge granted defendants summary judgment and dismissed the action with prejudice, pursuant to T.R.C.P. Rule 41. Plaintiffs' issue on appeal is that Trial Court erred in holding that they had not complied with his orders and in refusing to grant relief from his order.

By way of background this action went to trial on September 17, 1996, before a jury. At trial, plaintiffs offered the deposition of Dr. Joseph Metcalf as an expert witness to establish standard of care and medical causation. Upon objection by

defendant, the Court found the doctor was not competent or qualified as an expert, as required by T.C.A. §29-26-115, and since plaintiff had no other expert witness, the Court discharged the jury and ruled:

> that plaintiffs are given a continuance for a period of ninety (90) days from and after September 17, 1996 to identify by way of expert witness interrogatory response, expert witness(es) and also shall make any such designated expert(s) witness(es) available for Defendant's discovery deposition with said ninety (90) day period or otherwise the Court will entertain Defendant's Motion to Dismiss or for Summary Judgment.

Plaintiffs' attorney subsequently moved to withdraw, and on September 30, 1996, the defendant renewed his motion for summary judgment. The Trial Court permitted plaintiffs' attorney to withdraw, and ordered that plaintiffs would have through November 15 to employ new counsel and reiterated that the deadlines previously ordered would remain in effect and unchanged. A further hearing was held on December 19, 1996, and the Court ordered:

> It appearing from the record in this cause that the Plaintiffs have not complied with the Order and Directive of this Court entered on September 25, 1996, IT IS ORDERED that this cause shall be dismissed pursuant to T.R.C.P. 41.02 and the Defendant's pending Motion for Summary Judgment shall be granted without the requirement of further hearing or argument unless the Plaintiffs identify their expert witness by way of expert witness response and also make such designated expert witness available for discovery within five (5) days of the entry of this Order.

The Order was entered on that date. On December 24, 1996, plaintiffs' attorney "hand-delivered" a letter to defendants' attorney stating: "I anticipate that Dr. N.M. Tajen will be available as an expert witness on behalf of the plaintiffs" and gave the Knoxville address of the doctor, and concluded by saying more details would be given on "his expected testimony" on December 26, 1996. He also stated he would also "attempt to" make him available for a deposition on that date.

On May 6, 1997, the Trial Court granted defendants summary judgment and dismissed the action with prejudice. In his judgment, the Trial Court incorporated his memorandum opinion of April 10, 1997, wherein he said:

2

On the 19th day of October 1996, both attorneys appeared before the Court along with both plaintiffs, at which time plaintiffs' attorney announced that his services had been terminated and asking that he be allowed to withdraw from the case. The Court granted said motion to withdraw subject to the deadlines and conditions previously set.

On the 18th day of November, 1996, the firm of Milligan & Associates became the attorney of record for the plaintiffs. The Order of September 17, 1996 regarding naming of an expert witness was not complied with within ninety (90) days.

The Court is aware that sustaining of the present Motion is a rather serious decision, but the Court has bent over backwards to be fair to all parties in this case, but the Court has been placed in this position by the actions of the plaintiff in discharging his attorney and not getting another attorney until thirty (30) days prior to the deadlines previously set. The Court feels that it is imperative to adhere to the deadlines previously set.

It was in the discretion of the Trial Judge under the circumstances of this case to order the involuntary dismissal of the action. This power, however, must be used sparingly, and with great care. *Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730 (Tenn. 1978).

Essentially, plaintiffs argue that "their counsel took all necessary steps to secure the necessary medical causation testimony prior to the deadlines imposed by the Trial Court". The record does not support this assertion. Plaintiffs were faced with a renewed summary judgment motion which required an expert's affidavit to raise a disputed issue of fact. This was not done within the time frame established by the Trial Judge, nor was it at any time tendered before the case was finally dismissed several months later. The plaintiffs on this record do not establish that the Trial Judge abused his discretion in dismissing this action. Clearly, summary judgment was appropriate in the absence of countervailing evidence establishing a disputed issue of material fact on the issue of medical malpractice. *See Braswell v. Carothers*, 863 S.W.2d 722 (Ct. App. 1993).

We affirm the judgment of the Trial Court and remand at appellants' cost.

3

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Hon. William H. Inman, J.