# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 1, 2003 Session

## MARY E. MADISON, AS SURVIVING SPOUSE OF JAMES R. MADISON, DECEASED, ET AL. v. STATE OF TENNESSEE

### Appeal from the Claims Commission of the State of Tennessee
### Nos. 20200350 - 20200353   Vance W. Cheek, Jr., Commissioner

### FILED JANUARY 22, 2004

### No. E2003-01537-COA-R3-CV

These consolidated claims against the State of Tennessee ("State") arise out of an automobile accident which resulted in the death of James R. Madison and personal injury to Mary E. Madison, Kenneth R. Madison, and Wilma J. Madison (collectively referred to as "Claimants"). The State filed a motion for summary judgment which the Claims Commission ("Commission") granted based primarily on Claimants' failure to file a timely response. The Commission later set aside its order granting the State's summary judgment motion and ordered Claimants to file a response to that motion no later than March 19, 2003. Claimants filed their response to the motion for summary judgment on March 18, 2003. On May 14, 2003, apparently acting under the misapprehension that Claimants still had not responded to the motion for summary judgment, the Commission dismissed the claims based on Claimants' violation of its previous order directing them to respond. We vacate the dismissal of these claims and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Vacated; Case Remanded.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

John D. Agee, Kingston, Tennessee, for the Appellants Mary E. Madison, as surviving spouse of James R. Madison, deceased, Mary E. Madison, Kenneth Raymond Madison and Wilma Jean Madison.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Dawn Jordan, Assistant Attorney General, Nashville, Tennessee, for the Appellee State of Tennessee.

# OPINION

## Background

This litigation arises out of an automobile accident which occurred in Loudon County, Tennessee on September 9, 2000. Kenneth R. Madison was operating a motor vehicle with his wife, Wilma Jean Madison, and his parents, James R. and Mary E. Madison, as passengers. The Madisons claim that a vehicle being driven by Tiffany M. Kilgariff suddenly and without warning pulled into the path of the Madison vehicle, thereby resulting in a violent collision. James R. Madison died as a result of this tragic accident and the surviving Madisons suffered bodily injury. Each Claimant filed a separate claim against the State in the Division of Claims Administration. After all of the claims were transferred to the Claims Commission, each Claimant filed a separate complaint with the Commission. The four claims then were consolidated. In their complaints, Claimants allege that the intersection where the accident occurred was constructed in a defective and dangerous manner due to inadequate traffic control devices, including the lack of a protective light with a left turn signal. According to Claimants, numerous accidents have occurred at this intersection due to its defective condition and numerous complaints have been made about the intersection's defective condition. Claimants further alleged that the State had sufficient notice of the condition of the intersection and either had or shared responsibility for maintaining the traffic control devices.

On December 3, 2002, the State filed a motion for summary judgment as to all of the claims. The State's motion claimed the State was not responsible for the traffic signal at issue and there was no evidence that the signal was improper. The State also claimed there was no evidence that the intersection constituted a dangerous condition and there was no evidence of any negligence by a State employee. Finally, the State alleged that even if the intersection was dangerous, there was no evidence that the State had notice of such condition. In support of its motion, the State filed, *inter alia*, the affidavit of Mark Best, Traffic Supervisor for the Tennessee Department of Transportation, as well as portions of various depositions, including the deposition of Don Palmer, the Loudon County Road Superintendent. On February 3, 2003, the Claims Commission entered an Order granting the State's motion for summary judgment primarily because Claimants had failed to respond timely to the motion. Claimants then filed a motion seeking to have the Order granting the State's motion for summary judgment set aside. In this motion, Claimants' counsel stated that he never received a copy of the State's motion for summary judgment, and if he had received a copy, Claimants would have filed a timely response. In an Order signed on March 4th and entered on March 11th of 2003, the Commission granted Claimants' motion and set aside its previous Order. The Commission ordered Claimants to file a response to the State's motion for summary judgment no later than March 19, 2003.

Claimants complied with the Commission's order and filed a response to the State's motion for summary judgment on March 18, 2003. Claimants also responded to the Statement of Undisputed Facts filed by the State, and thereafter filed their own Statement of Undisputed Facts. In opposing the State's motion for summary judgment, Claimants relied upon portions of the

affidavit of Mark Best as well as portions of various depositions which they attached to their response.

On March 21, 2003, Claimants filed a motion to amend their response to the State's motion for summary judgment. In this motion, Claimants sought to amend their response by adding testimony from the depositions of William Arnett and Jerry Parks taken in a parallel lawsuit filed by Claimants in the Loudon County Circuit Court concerning the same automobile accident. The State opposed Claimants' use of these depositions because the State was not a party to the Circuit Court lawsuit and the State was not present when the depositions were taken. Because the State opposed the use of these depositions, Claimants filed a "Motion for Additional Time to Respond to the State's Motion for Summary Judgment …." The title of this motion was misleading because Claimants already had responded to the motion for summary judgment. What Claimants actually sought in this motion was additional time to take the depositions of William Arnett and Jerry Parks because the State objected to Claimants using their depositions from the Circuit Court lawsuit. In other words, Claimants sought additional time so they could retake these deposition with the State present and thereafter supplement their previously filed response. In any event, the Commission entered an Order granting Claimants "an extension of time within which to file their response to the State's Motion for Summary Judgment filed on December 3, 2002, up to and including April 29, 2003."

On April 28, 2003, Claimants filed a "Motion for Additional Time." The caption of this motion does not indicate why Claimants were seeking additional time and for what purpose. After reading the entire motion, however, it is clear that Claimants sought additional time to depose Jerry Parks and file supplemental answers to expert interrogatories. Although Claimants already had responded to the State's motion for summary judgment and were seeking additional time to depose Jerry Parks and to supplement their answers to expert interrogatories, the first sentence of Claimants' Motion for Additional Time states: "Come now the plaintiffs who would move this Honorable Court for additional time to respond to the State's Motion for Summary Judgment.…"

On May 14, 2003, the Commission entered an Order of Dismissal. In this motion, the Commission detailed the procedural background of this case as follows:

> On December 3, 2002, the State filed a Motion for Summary Judgment along with a Memorandum in Support of Motion and Statement of Undisputed Material Facts. The State maintains in its Motion that the State of Tennessee is entitled to summary judgment because there are no genuine issues of material fact and that as a matter of law the State is entitled to judgment. In support of its motion, the State submitted an affidavit of Mark Best, Traffic Supervisor for Region One, State of Tennessee. The State has also submitted portions of sworn deposition testimony in support of its position. The Claimants failed to file a response and the Commission

on January 28, 2003, issued an Order Granting State's Motion for Summary Judgment.

The Claimants on February 13, 2003, sent via facsimile to the Commission a Motion to Set Aside Summary Judgment. On March 4, 2003, the Commission issued an Order Granting Claimant's Motion to Set Aside Judgment Pursuant to Rule 60.02. The Commission allowed the Claimants up to and including March 19, 2003, within which to file a response to the State's Motion. A response to the State's Motion was not received on or before March 19, 2003; however, the Claimants on April 1, 200[3], filed a Motion requesting an additional extension of time within which to submit their response. The Commission allowed the Claimants up to and including April 29, 2003, within which to submit their response. On April 29, 2003, the date the Claimants were to file their response to the State's Motion for Summary Judgment filed on December 3, 2002, the Claimants filed a Motion for Additional time. The Commission notes that the Claimants did not send the Commission a copy of their Motion.

After detailing the foregoing, the Commission phrased the issue as "whether the Claimants are in violation of previous Orders and thus, should have their claims dismissed?" In concluding that the claims should be dismissed, the Commission stated that over five months had passed since the State's motion for summary judgment had been filed, and "this Commission has yet to receive a response …." According to the Commission:

Each and every time a deadline is set, the Claimants offer excuses and requests for extensions of time rather than any substantive responses.… To this point, the Claimants have been adrift in the sheltered harbor of the Commissioner's patience; however, this Commission cannot allow the Claimants dilatory tactics to proceed.…

The claims then were dismissed because Claimants were "in violation of previous Orders of this Commission", and this appeal followed.

## Discussion

We restate the dispositive issue before us as follows: Did the Commission err in dismissing Claimants' claims based upon the Commission's mistaken belief that Claimants were in violation of the Commission's previous orders to file their response to the State's Motion for Summary Judgment?

Rule 41.02 of the Tennessee Rules of Civil Procedure governs involuntary dismissal of actions and provides in relevant part as follows:

> **41.02. Involuntary Dismissal —Effect Thereof. —** (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
>
> * * * *
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

Tenn. Code. Ann. § 9-8-403(a)(1) provides that proceedings in the Commission "shall be conducted pursuant to rules of the Tennessee Rules of Civil Procedure where applicable and otherwise pursuant to rules and regulations promulgated by the commission."  In accordance with this statutory provision, the Commission has developed Rules of Procedure found at Tenn. Comp. R. & Regs. 0310-1-1.  The Commission's Rules of Procedure begin with the following:

> **0310-1-1-.01 APPLICABILITY OF TENNESSEE RULES OF CIVIL PROCEDURE AND CORRELATION WITH *T.C.A. § 9-8-403(a)(1).*** Proceedings before the Tennessee Claims Commission shall be conducted pursuant to the Tennessee Rules of Civil Procedure (TRCP) and subsequent amendments and interpretations where applicable except where specifically modified by these rules.…

The Commission Rules then modify several of the Tennessee Rules of Civil Procedure, although the majority of the Tennessee Rules of Civil Procedure remain intact.  The Commission Rules do not modify Tenn. R. Civ. P. 41 and, therefore, Rule 41 applies to claims before the Commission in the same manner as it would to a claim brought in a chancery or circuit court.

It is important to note that the dismissal of this case did not result from the Commission granting the State's motion for summary judgment. For all intents and purposes that motion never has been decided. Rather, the Commission *sua sponte* dismissed the claims based on what it perceived to be Claimants' violations of its previous orders to file a response to the State's motion. In *Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730 (Tenn. 1978), our Supreme Court acknowledged that trial courts do indeed have the power to *sua sponte* dismiss cases, stating that:

> Although Rule 41.02 does not expressly so provide, we are of the opinion that a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired. It must be remembered that Rule 41.02(3), *Tennessee Rules of Civil Procedure*, provides that all dismissals, except those for lack of jurisdiction, improper venue or lack of an indispensable party, shall operate as an adjudication upon the merits unless the court in its order of dismissal otherwise provides. In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

*Harris*, 574 S.W.2d at 731.

In *Manufacturers Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846 (Tenn. Ct. App. 2000), this Court stated that dismissal of an action under Rule 41.02 is a harsh sanction which generally is not favored when lesser sanctions are available. "[T]his court does not treat decisions to dismiss cases pursuant to rule 41.02 lightly." *Id.* at 864. A trial court's involuntary dismissal of an action pursuant to Rule 41.02 is reviewed under an abuse of discretion standard. *Id.*

In the present case, it is clear that when dismissing these claims, the Commission was acting under the misconception that Claimants had not responded to the State's motion for summary judgment when in fact such a response had been filed. The Commission may have been acting under this misapprehension because of Claimants' attorney's choice of words when naming the Claimants' motions which were filed after Claimants responded to the motion for summary judgment. Nevertheless, we conclude that the Commission committed reversible error when it dismissed these claims based on the mistaken belief that Claimants had not responded to the motion for summary judgment thereby violating the Commission's previous orders directing Claimants to so respond. In reaching this conclusion, we express no opinion on whether dismissal of these claims would have been an appropriate sanction had Claimants actually failed to file a response to the motion for summary judgment as ordered. We likewise express no opinion on the merits of the State's motion for summary judgment as this motion is best addressed first by the Commission.

**Conclusion**

The judgment of the Claims Commission is vacated, and this cause is remanded to the Commission for further proceedings as are necessary consistent with this Opinion. The costs on appeal are assessed against the Appellee State of Tennessee.

_____
D. MICHAEL SWINEY, JUDGE