IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 22, 2009 Session

# FEATHERFOOT POINT PROPERTY OWNERS ASSOCIATION, INC. v. JIM ZWEIG, ET AL.

### Direct Appeal from the Chancery Court for Decatur County
### No. 3878    Ron E. Harmon, Chancellor

### No. W2008-02494-COA-R3-CV - Filed August 25, 2009

This appeal arises from Appellant's action to enforce a restrictive covenant in a residential subdivision. The matter was heard by the trial court in a non-jury trial on August 12, 2008. Before Appellant completed its presentation of evidence, the trial court *sua sponte* ended the proceeding and entered an order of involuntary dismissal. Finding that the trial court erred in dismissing the case before Appellant completed its presentation of evidence, we reverse.

### Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLL.Y M. KIRBY, J., joined.

Ralph D. Golden and Linda Jew Mathis, Memphis, Tennessee, for the Appellant, Featherfoot Point Property Owners Association, Inc.

Carthel L. Smith, Jr., Lexington, Tennessee, for the Appellees, Jim Zwieg and Pauline Zwieg.

Magan N. White, Jackson, Tennessee, for the Appellee, Fred Reinhardt.

### OPINION

Background

Plaintiff/Appellant Featherfoot Point Property Owners Association, Inc. ("the Association") filed its complaint in Decatur County Chancery Court on February 15, 2007. The complaint named Jim G. Zwieg and Pauline D. Zwieg, owners of residential lots in the Featherfoot Point Subdivision, as defendants. The complaint alleged that defendants were in violation of Featherfoot Point Subdivision Restrictive Covenants. Specifically, the Association alleged that the Zweigs violated a provision in the by-laws which stated that "no more than one (1) detached structure or building

shall be erected on each lot." The structure in question was a carport built on the Zwiegs' lot on February 16, 2006.

The Zwiegs filed their answer to the complaint on March 16, 2007. They asserted that the carport in question was not a second structure under the Association's by-laws. In support, they attached the minutes of a meeting conducted on January 14, 2006 by the Association's Board of Directors. The minutes indicate that, upon the recommendation of Director Fred Reinhardt, "carports are not to be considered second buildings." In their answer, the Zwiegs also alleged that the Association "has randomly and without any basis in fact enforced some by-laws or restrictive covenants of the Association and has failed to enforce others."

On November 20, 2007, the Association filed an amended complaint naming Fred Reinhardt as an additional defendant. The Association alleged that Mr. Reinhardt, as a member of its Board of Directors, approved the construction of the carport for the Zwiegs. It also alleged that Mr. Reinhardt knew or should have known that this action violated "regulations, rules, covenants, and restrictions of the Homeowners Association." In support, the Association cited an email dated February 10, 2006, in which Mr. Reinhardt informed the Zwiegs that construction of the carport was permissible under the rules. The Association therefore alleged that Mr. Reinhardt "is guilty of breach of his fiduciary duty, malfeasance, breach of duty of good faith, misrepresentation, negligent misrepresentation, and fraud as a Director and Committee member for the Association." The trial court entered an order on December 11, 2007, allowing the amendment and adding Mr. Reinhardt as a defendant to the action.

Mr. Reinhardt did not file an answer to the amended complaint. On August 4, 2008, however, he did file a motion for indemnification demanding that the Association be required to pay his reasonable attorney's fees. Among other things, Mr. Reinhardt alleged in his motion that the Association's lawsuit was barred by the statute of limitations pursuant to Tenn. Code Ann. § 48-58-601.

The matter was heard by the trial court, sitting without a jury, on August 12, 2008. The Association presented the testimony of Charles Taylor and Wayne Buck, two residents and homeowners in the Featherfoot Point subdivision. Before the Association called its next witness, the trial court *sua sponte* stopped the proceedings, and announced its ruling as follows:

> Ladies and Gentlemen, I have heard a sufficient amount of proof in this case.
>
> From the plaintiff's own witnesses, it appears that the lawsuit was brought to correct a situation where a property owner had built a garage or carport or building on an adjoining lot. There are–this is prohibited by the restrictive covenants.
>
> The court finds that this restriction has been freely and voluntarily violated by the homeowner's association, and that to enforce the restriction against one

property owner and not against another would be unfair and equitable [sic] and forbidden by the law.

\* \* \*

Now we have a homeowner here who built a garage on a separate lot. We have another homeowner who has recently as '07 was allowed to do that under some sort of guise of combining lots. I think that is not correct.

\* \* \*

The association will be responsible for Mr. Hardee's [Mr. Reinhardt's attorney] fee. I see absolutely no reason for this board member to have been included as a defendant particularly after [the] statute date.... His expense will be adjudged against the homeowners association.

The trial court then dismissed the Association's action.

The trial court's final judgment confirming its ruling from the bench was entered on October 28, 2008. The judgment confirmed that the trial court had *sua sponte* ended the trial and that the Association was not permitted to present its remaining witnesses and exhibits. The trial court awarded the attorneys' fees of both the Zwiegs and Mr. Reinhardt.

The Association appeals and raises four issues, as stated in its brief, for review:

1. Did the trial court err in *sua sponte* dismissing the Association's cause of action prior to completion of the Association's case in chief and after only hearing testimony of two of the Association's witnesses?
2. Did the trial court err in failing to enforce certain restrictive covenants against the Zwiegs by finding that the Association had not enforced the covenants and had freely and voluntarily allowed violation of the covenants?
3. Did the trial court err in awarding attorney's fees to the Zwiegs?
4. Did the trial court err in dismissing the Associations claim against Mr. Reinhardt and awarding his attorney's fees?

Law and Analysis

We first address whether the trial court was authorized to order sua sponte the involuntary dismissal of the Association's action. The applicable rule is Tenn. R. Civ. P. 41.02(2), which governs involuntary dismissals at trial:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. The court as trier of the facts may then

-3-

determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence; in the event judgment is rendered at the close of plaintiff's evidence, the court shall make findings of fact if requested in writing within three (3) days after the announcement of the court's decision.

Tenn. R. Civ. P. 41.02(2). Because the trial court's final order in this case did not specify otherwise, it operates as an adjudication on the merits. *See* Tenn. R. Civ. P. 41.02(3).

Rule 41.02(2) provides for involuntary dismissals at the close of the plaintiff's proof and upon the defendant's motion. The trial court's *sua sponte* dismissal of the Association's action before it had presented its entire case is not explicitly contemplated by Rule 41.02(2). In ***Harris v. Baptist Memorial Hospital***, 574 S.W.2d 730 (Tenn. 1978), however, the Tennessee Supreme Court addressed a similar situation and concluded as follows:

Although Rule 41.02 does not expressly so provide, we are of the opinion that a trial court may under certain circumstances and upon adequate grounds therefor, *Sua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired. **…** In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

***Id***. at 731. The Court concluded that trial courts "are not authorized to order the involuntary dismissal of an action at trial upon the sole basis of the opening statements of counsel." ***Id.***; *see also*, ***Burrow v. Barr***, No. 01A01-9806-CV-00311, 1999 WL 722633, at *5 (Tenn. Ct. App. Sept. 17, 1999).

Furthermore, the Court noted that Rule 41.02(2) "contemplates that the plaintiff's evidence shall be heard and evaluated by the court prior to an involuntary dismissal order at trial." ***Id***. at 732. Here, the trial court did not order the involuntary dismissal solely upon the opening statements of counsel, but it did not allow the Association to present its entire case.

In ***Ruff v. Raleigh Assembly of God Church, Inc.***, No. 02A01-9410-CV-00226, 1996 WL 9730 (Tenn. Ct. App. Jan. 9, 1996), the trial court *sua sponte* ordered an involuntary dismissal of plaintiff's case prior to the close of plaintiff's proof. After the plaintiff had presented several witnesses, the trial court asked plaintiff what additional witnesses he expected to call. The trial court stated that the additional witnesses were unnecessary and entered an order of involuntary dismissal. On appeal, the Court examined the holding in ***Harris*** and found that the trial court erred in dismissing the matter prior to the close of the plaintiff's proof. ***Ruff***, 1996 WL 9730, at *4. Likewise, in ***In re G.T.B.***, No. M2008-00731-COA-R3-PT, 2008 WL 4998399 (Tenn. Ct. App. Nov. 24, 2008), the trial court entered an order of involuntary dismissal prior to the completion of DCS's proof. On appeal, the Court considered the holdings in ***Harris*** and ***Ruff*** and concluded that "once a case has proceeded to trial, the trial court should allow DCS to present all of its proof, subject to the rules of evidence, before deciding whether the case should be dismissed, either *sua sponte* or upon the defendant's motion." ***G.T.B.***, 2008 WL 4998399, at *4.

Having examined this trial court's action in light of *Harris*, *Ruff*, and *G.T.B.*, we find that the trial court erred in dismissing the case before the Association completed its proof. *Harris* provides that a trial court may *sua sponte* order the involuntary dismissal of an action only in rare circumstances. *Ruff* and *G.T.B.* further indicate that a trial court is not authorized to dismiss an action under Rule 41.02(2) prior to the close of the plaintiff's proof. Here, the trial court did not allow the Association to present its entire case, and furthermore, it did not offer a justification for taking such a drastic action.

On appeal, Mr. Reinhardt argues that we should affirm the trial court's judgment because the Association's claim against him is barred by the statute of limitations. Mr. Reinhardt, however, did not make a properly supported motion asserting the statute of limitations as an affirmative defense. Furthermore, the trial court did not have a factual basis in the record for finding that the Association's claim against Mr. Reinhardt was barred by the statute of limitations. Consequently, we reverse the trial court's judgment with respect to Mr. Reinhardt because it erred in granting the involuntary dismissal.

The trial court also ordered the Association to pay the attorneys' fees of the Zwiegs and Mr. Reinhardt. The trial court's finding on attorneys' fees was a direct consequence of its order of involuntary dismissal. Because the trial court erred in ordering the involuntary dismissal, we also reverse the award of attorneys' fees. Mr. Reinhardt's request for attorney's fees on appeal is also denied.

For the foregoing reasons, the trial court's award of attorney's fees and its order of dismissal are reversed. The matter is remanded to the trial court for the completion of the Association's case. Costs of this appeal are assessed one-half to Appellees Jim and Pauline Zwieg and one-half to Appellee Fred Reinhardt.

_____
J. STEVEN STAFFORD, J.

-5-