# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs June 28, 2013

## SANDEEP GADHOK v. ZAMEER MERCHANT

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005043-10     Jerry Stokes, Judge**

---

**No. W2012-01687-COA-R3-CV - Filed August 28, 2013**

---

The trial court granted Defendant's motion to dismiss for lack of prosecution. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Beth Brooks, Memphis, Tennessee, for the appellant, Sandeep Gadhok.

Mark J. Grai, Memphis, Tennessee, for the appellee, Zameer Merchant.

## MEMORANDUM OPINION[1]

This appeal arises from actions originally commenced by Sandeep Gadhok (Mr. Gadhok) in the General Sessions Court of Shelby County in June 2010. The general sessions court consolidated the actions and awarded judgment in favor of Defendant Zameer Merchant (Mr. Merchant) in September 2010. In its order, the general sessions court determined that Mr. Gadhok's claims for malicious prosecution and harassment were barred by the statute of limitations set forth in Tennessee Code Annotated § 28-3-104. It also found

---

[1]**Rule 10. Memorandum Opinion**.

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that Mr. Gadhok had failed to carry his burden of proof to demonstrate that Mr. Merchant had failed to fully pay for an automobile sold to him by Mr. Gadhok, and that Mr. Gadhok had failed to carry his burden of proof to demonstrate breach of contract, fraud, "or any other cause of action" with respect to Mr. Merchant's involvement in the sale of a business known as the "Hickory Flats BP," or the lease or sublease of property known as "Whitten Road Shell." The order was approved for entry by counsel for Mr. Merchant and Mr. Gadhok's counsel, Christopher L. Brown (Mr. Brown). On October 4, 2010, Mr. Gadhok filed a notice of appeal to the Circuit Court for Shelby County with respect to dismissal of his claims for breach of contract and fraud. The notice of appeal was signed by Mr. Brown.

The matter apparently was set to be heard on July 20, 2011. Following a hearing on July 7, upon oral motion of counsel for Mr. Merchant the matter was continued until September 14, 2011. Neither Mr. Gadhok nor Mr. Brown appeared at the July or September hearings, and the trial court dismissed the matter for lack of prosecution by order entered September 19, 2011.

On June 11, 2012, Mr. Gadhok, now represented by Paul Robinson (Mr. Robinson), filed a motion to set aside the judgment dismissing the matter for lack of prosecution. In his motion, Mr. Gadhok asserted that he did not have counsel when the matter was dismissed in September 2010 and that he was "inept and unaware of how to prosecute his claim"; that he subsequently had obtained counsel; and that his failure to prosecute was the result of mistake, inadvertence or excusable neglect.

Mr. Merchant responded in opposition on the same day. Mr. Merchant asserted that on June 7, 2011, his counsel, Mark J. Grai (Mr. Grai), wrote to Mr. Brown advising him that Mr. Grai had a conflict; requesting that Mr. Brown contact him to advise him of when Mr. Brown would be available to approach the trial court to reset the matter; and stating, "If you are not involved in the appeal, please call to inform me of that fact." Mr. Merchant asserted that Mr. Brown did not respond, and that Mr. Grai again wrote to Mr. Brown on July 5, 2011, informing him that Mr. Grai would approach the trial court on July 7 to request a continuance. Mr. Merchant asserted that Mr. Brown did not respond, and that Mr. Grai again wrote to Mr. Brown on July 8 to inform him that the matter had been continued to September 14 and requesting that Mr. Brown contact him if he had a conflict with the September 14 date. Mr. Merchant asserted that Mr. Brown did not respond the his July 8 correspondence, and that Mr. Grai served Mr. Brown with a copy of the trial court's order continuing the matter to September 14, 2010. Mr. Merchant asserted that Mr. Grai "never heard from Mr. Brown or anyone else in response to the order granting this case for trial in September." Mr. Merchant asserted that Mr. Gadhok's Rule 60.02 motion to set aside the trial court's judgment should be set aside where 1) it was not supported by an affidavit and 2) Mr. Brown had not withdrawn from the matter. Mr. Merchant further asserted that, assuming Mr. Brown

had "secretly withdrawn," Mr. Gadhok provided no explanation for his failure to respond to Mr. Grai's correspondence or his failure to appear at the scheduled hearings, and did not explain his alleged "ineptness" to the court. Mr. Merchant asserted, "In fact, Gadhok, through his counsel, does not even assert that he was unaware of the trial date." Mr. Merchant asserted in a footnote that, absent an affidavit from Mr. Brown to the contrary, it was presumed that Mr. Brown would have sent copies of the trial court's orders and Mr. Grai's correspondence to Mr. Gadhok. Mr. Merchant finally asserted that Mr. Robinson undertook representation of Mr. Gadhok no later than January 2012, where Mr. Robinson represented Mr. Gadhok in a general sessions court action against him filed by Mr. Merchant and tried on January 12. Mr. Merchant asserted, "Accordingly, Gadhok cannot try to place the blame on . . . [Mr.] Brown, at least for the last four month's worth of his delay in bringing this [m]otion." Mr. Merchant attached copies of the trial court's orders and Mr. Grai's correspondence to Mr. Brown in support of his assertions.

Following a hearing on June 29, the trial court denied Mr. Gadhok's motion to set aside the September 2011 order of dismissal for lack of prosecution. Mr. Gadhok filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Gadhok presents the following issues for our review, as stated by him:

1.      Whether the trial court erred when it denied Appellant's motion to set aside the order dismissing the case for lack of prosecution, when Appellant's attorney failed to appear at trial and/or give notice to Plaintiff/Appellant regarding [the] upcoming trial and whether he was denied due process of law.

2.      Whether the trial court erred in not considering the three relevant factors in setting aside a default judgment against the Appellant.

### *Standard of Review*

The decision to dismiss an action for lack of prosecution is within the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of that discretion. *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). A trial court has the authority to dismiss a complaint on its own motion for failure to prosecute, although this authority should be exercised sparingly and with great care. *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978). We also review a trial court's

ruling on a Tennessee Rule of Civil Procedure 60.02 motion for relief from a final judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)(citation omitted). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. *Elliott v. Cobb*, 320 S.W.3d 246, 249–50 (Tenn. 2010) (citation omitted).

### *Discussion*

In his brief, Mr. Gadhok asserts that the trial court's order dismissing his action for lack of prosecution should be sent aside under Rule 60.02(1) & (5). Mr. Gadhok asserts that the record contains no evidence that he received notice of the hearing dates or of the possibility that his claim might be dismissed. He asserts that both he and Mr. Grai made several attempts to contact Mr. Brown, who did not respond to either Mr. Grai or Appellant, and that "[i]t should have become apparent to attorney Grai that attorney Brown was either not receiving the correspondence sent to him or had become indifferent to the progress of the case . . . ." Mr. Gadhok asserts that he became aware of the order of dismissal when "he took it upon himself to travel to the courthouse and asked a clerk of the court for assistance," but does not indicate when he took this action. He further asserts that his neglect was excusable where he "trust[ed] in the ability of his attorney to represent his interests in a competent manner and to relay information regarding upcoming court related events." He further asserts that the trial court erred by dismissing the matter for lack of prosecution where he received no notice that his claim might be dismissed. Mr. Gadhok further asserts that the trial court's order dismissing the matter for lack of prosecution must be viewed as a default judgment, and that if any reasonable doubt exists as to the propriety of the judgment, it should be set aside.

Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Upon review of the record, we are unable to ascertain whether the trial court dismissed this matter upon oral motion of Mr. Merchant at the September 2011 hearing, or upon its own motion. No transcript of the September 2011 hearing has been transmitted to

this Court, and the trial court's order does not indicate whether Mr. Merchant moved for dismissal or whether the court acted on its own motion. Additionally, in his brief to this Court, Mr. Merchant does not indicate that he moved for dismissal for failure to prosecute. We further note that it is undisputed that Mr. Grai made several attempts to contact Mr. Brown, and that Mr. Brown did not respond to Mr. Grai's correspondence. The record contains no motion to withdraw by Mr. Brown but, as Mr. Merchant notes, it is undisputed Mr. Gadhok was represented by Mr. Robinson and not Mr. Brown in a third matter in general sessions court in January 2012.

Although Mr. Gadhok asserts in his brief that he had no notice of the hearing dates and made several attempts to contact Mr. Brown prior to dismissal of this matter, we observe that Mr. Gadhok did not make these assertions in his motion to set-aside the trial court's order. Rather, he did not assert neglect on the part of counsel in the trial court, but stated that he "did not have counsel at the time and was inept and unaware of how to prosecute his claim." Arguments not asserted in the trial court cannot be asserted for the first time on appeal. *E.g., Wickham v. Sovereign Homes, LLC*, No. W2011-02508-COA-R3-CV), 2012 WL 438635, at \*10 (Tenn. Ct. App. Sept. 25, 2012)(*no perm. app. filed*). Additionally, we note that Rule 4(D) of the local Rules of the Circuit Court for Shelby County provides that cases that have been inactive for at least six months will be set on a dismissal docket, and that all cases set for trial will be tried or dismissed on the day upon which they are set for trial or upon proper showing that the matter should be continued.

Mr. Gadhok filed his notice of appeal on October 4, 2010, and the trial court dismissed the matter nearly one year later, on September 19, 2011. It is undisputed that Mr. Gadhok was represented by Mr. Robinson at least as early as January 2012, but Mr. Gadhok took no action in the matter until June 2012. Thus, fifteen months elapsed wherein Mr. Gadhok failed to take any action to prosecute this claim. The trial court did not abuse its discretion in this matter.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, Sandeep Gadhok. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE

-5-