

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Carrie K. Lightfoot** | ) | **Docket No.: 2015-01-0233** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 72875 2014** |
| | ) | |
| **Xerox Business Services** | ) | |
| **Employer.** | ) | **Judge Audrey A. Headrick** |
| | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE came before the undersigned Workers' Compensation Judge on April 20, 2016, upon notice of a show cause hearing. Attorney Art Grisham represented Carrie Lightfoot, the employee. Ms. Lightfoot also appeared. Attorney Fred Baker represented Xerox Business Services, the employer, and its workers' compensation carrier, Indemnity Insurance Company of North America, at the telephonic hearing.

### History of Claim

Ms. Lightfoot initially filed a Petition for Benefit Determination as a self-represented litigant on August 14, 2015, seeking medical and temporary disability benefits for an alleged work-related injury at Xerox on September 12, 2014, when she fell out of a chair. On August 31, 2015, Xerox filed a Petition for Benefit Determination seeking discovery. The parties did not resolve the disputed issues through mediation, and the mediator filed a Dispute Certification Notice on September 24, 2015. On September 24, 2015, Ms. Lightfoot filed a Request for Expedited Hearing.

The parties initially scheduled an expedited hearing on November 18, 2015. Mr. Grisham subsequently notified the Court of his representation of Ms. Lightfoot and requested a continuance of the hearing. The Court notified Mr. Grisham that he must file a notice of appearance, and the parties agreed to reschedule the expedited hearing to December 16, 2015.

On December 16, 2015, the Court held an expedited hearing with a court reporter

1

in attendance. As a preliminary matter, the Court confirmed with Mr. Baker that he had not filed a motion to compel discovery. Upon receiving that confirmation, the Court instructed the parties that it would address any discovery matter raised by the Petition for Benefit Determination upon the filing of a motion. At that time, Mr. Grisham provided an explanation as to why he did not receive Mr. Baker's initial e-mail regarding outstanding discovery responses:

> Well, just for the record, Your Honor, I did send an e-mail to Mr. Baker yesterday afternoon, once he provided me that. I did not get that initial e-mail. And I don't know why. I have moved into new offices. And I did have some computer issues at one time. And I don't know—and also updated from Windows 7 to Windows 10. And I don't know if that had anything to do with it or not. But I've gotten several since then without any problems. I offered to Mr. Baker to ask for a continuance of the hearing so we could get this answered, and he said he wanted to go ahead and proceed today. And I've offered this morning to go ahead and answer those, if he still wants them.

(Expedited Hr'g Tr. 7, Dec. 16, 2015.)

During the cross-examination of Ms. Lightfoot, she testified she had had a stroke shortly before completing and filing her Petition for Benefit Determination. Specifically, she testified her "memory wasn't a hundred percent and I knew that." *Id.* at 65. Although she acknowledged that she signed the Petition for Benefit Determination, Ms. Lightfoot stated that she had a social worker from Westside Community Hospital complete the form for her. *Id.* at 63. She also stated she faxed her medical records to Metlife. *Id.* at 68. When asked if she understood that "Metlife is different from the Bureau of Workers' Compensation," Ms. Lightfoot stated, "[n]o, I didn't, sir." *Id.* The Court called a brief recess when Ms. Lightfoot became emotional. *Id.* at 69. After the hearing reconvened, Mr. Grisham indicated his concern as to whether Ms. Lightfoot was competent at the time she filed the Petition for Benefit Determination as a self-represented litigant. *Id.* at 70. Mr. Grisham expressed his concern about proceeding with the hearing without having an opportunity to have Ms. Lightfoot evaluated to determine her competency. *Id.* Accordingly, the Court adjourned the hearing upon Mr. Grisham's request to withdraw the Request for Expedited Hearing.

The Court entered an Agreed Order Withdrawing Request for Expedited Hearing on December 21, 2015. In the order, the parties agreed to a telephonic status conference on February 18, 2016. At the status hearing on February 18, 2016, Mr. Grisham advised that he had not yet ascertained the status of Ms. Lightfoot's competency. He stated he had recently experienced a debilitating medical condition, costochondritis, which had

2

been ongoing for the past three weeks.[1] In the Order Resetting Case for Status Hearing issued on February 26, 2016, the Court directed the parties "to report as to the status of Ms. Lightfoot's competency and to advise whether Ms. Lightfoot will request a hearing or take a non-suit." The Court also advised that "at the next Status Hearing [set for March 14, 2016], it will establish a deadline for the filing of a request for a hearing if no such request is filed in the interim."

Mr. Grisham failed to appear at the status hearing on March 14, 2016. Mr. Baker and the Court waited approximately fifteen minutes for Mr. Grisham to appear. During the telephonic hearing, the Court unsuccessfully attempted to reach Mr. Grisham via e-mail and telephone. After noting that three months had passed since the expedited hearing, the Court issued the following Status Conference Order on March 15, 2016:

> This matter cannot continue to sit on the docket without moving forward. Accordingly, the Court grants Ms. Lightfoot until **Monday, March 28, 2016,** to file either a Request for Expedited Hearing or a Request for an Initial (Scheduling) Hearing in her claim. Alternatively, Ms. Lightfoot may wish to file a Notice of Non-Suit. **If Ms. Lightfoot does not take one of the aforementioned actions, the Court will dismiss her claim with prejudice for failure to timely prosecute.**

(Bold in original.)

The Court subsequently issued a Show Cause Order on April 7, 2016, requiring Ms. Lightfoot to show cause as to why the Court should not dismiss her case for failure to participate in the March 14, 2016 status hearing and for failure to file a request for a hearing on or before March 28, 2016. A footnote in the Show Cause Order reminded the parties that the Order issued on March 15, 2016, stated the Court would dismiss the claim with prejudice for failure to timely prosecute if she failed to comply.

The Court held the telephonic show cause hearing on April 20, 2016, with Mr. Grisham, Ms. Lightfoot, and Mr. Baker all in attendance. Prior to the hearing officially beginning, Mr. Grisham apologized for not attending the March 14, 2016 hearing and stated he was in court and could not get out. After the hearing began, the Court questioned Mr. Grisham about the fact that he failed to file a request for a hearing or consider taking a non-suit as ordered by the Court on March 15, 2016. Mr. Grisham responded that he "had the wrong impression about what [the show cause] hearing was about." He stated he was under the impression that the hearing was to select a date for another status hearing since he failed to participate in the March 14, 2016 hearing.

---

[1] "Costochondritis" is defined as "an inflammation of the cartilage that connects a rib to the breastbone (sternum)." The pain from costochondritis "might mimic a heart attack or other heart conditions." Mayoclinic.org. (last visited Apr. 28, 2016.)

3

The Court asked Mr. Grisham whether he received the March 15, 2016 Order. Mr. Grisham advised the Court that he is having problems with his e-mail. He stated his internet service provider had changed passwords and he just obtained access to his e-mail. Mr. Grisham speculated that his office might get a different internet provider. He stated he would check his e-mails upon his return to his office.

Ms. Lightfoot participated in the Show Cause Hearing. She stated that she "needs to represent herself on this" and wanted to know what was going on in her case. Ms. Lightfoot stated her understanding was that the purpose of the telephonic hearing "was to call in to set a date." She stated she did not feel Mr. Grisham had properly represented her. Upon Ms. Lightfoot's assertion regarding the issue of his representation of her, Mr. Grisham announced to the Court that he needed to file a motion to withdraw in light of his client's comments.

Mr. Baker argued that the Court must dismiss Ms. Lightfoot's case. He pointed out that the expedited hearing was on December 16, 2015. The Court gave Mr. Grisham sixty days to obtain an evaluation of his client. At the status hearing, Mr. Grisham provided reasons as to why the evaluation had not occurred. The Court provided additional time and set another hearing on March 14, 2016. Mr. Baker argued the Court's March 15, 2016 Order was clear that it would dismiss the case if a request for a hearing was not filed. As of the date of the show case hearing, Mr. Baker stated 127 days had passed since the expedited hearing. However, Mr. Grisham did not file a request for a hearing. Mr. Baker also stated an evaluation still had not occurred, which was the sole basis for continuing the expedited hearing. At the conclusion of the hearing, the Court announced it would not file an order in this matter until April 25, 2016, or shortly thereafter if the parties wanted to file any motions in the interim.

On April 21, 2016, the day after the show cause hearing, Ms. Lightfoot filed a letter addressed to the Tennessee Board of Professional Responsibility with the Clerk of the Court of Workers' Compensation Claims. The overall tone of the letter indicates Ms. Lightfoot's dissatisfaction with Mr. Grisham's handling of her case. However, Ms. Lightfoot also expressed her desire that Mr. Grisham continue to represent her.

On April 26, 2016, instead of filing a motion to withdraw, Mr. Grisham filed a Motion to Set Case for Hearing. He stated that Ms. Lightfoot filed a complaint against him with the Board of Professional Responsibility. Mr. Grisham stated that he subsequently spoke with Ms. Lightfoot, and she told him she wanted him to continue representing her and stated she would withdraw her complaint from the Board of Professional Responsibility.

In his motion, Mr. Grisham also addressed the March 15, 2016 Order, which he admitted during the hearing he had not seen. He stated that he reviewed his e-mails, he did receive the Order, and the e-mail was unopened. Mr. Grisham provided the following

4

explanation as to why he did not open the e-mail containing the March 15, 2016 Order:

> [Mr. Grisham] profoundly apologizes to the Court and to the Attorney for the Employer for this oversight, and offers in his defense that he had been out of state, attending the funeral of his brother in law in Warner-Robbins Georgia. While there, Counsel suffered severe allergies, so severe that he was unable to drive back to Chattanooga following the funeral, and had to have antihistamine eye-drops to relieve his allergy symptoms to be able to see. The email was received during that episode and was inadvertently overlooked.

Mr. Grisham requested that the Court not dismiss Ms. Lightfoot's case, and he asserted she should have a hearing on the merits.

On the same day, Mr. Baker filed a Response to Motion to Set Case for Hearing. He reiterated his clients' position that the Court dismiss this case with prejudice. Mr. Baker argued that Ms. Lightfoot "has repeatedly failed to take the actions required by the statute, the regulations, and this Court." He asserted that the failure to date to have Ms. Lightfoot's competency evaluated casts doubt on whether there is a competency issue. Instead, Mr. Baker contended that the failure to proceed with a competency evaluation is more indicative of an attempt to garner additional time to prepare Ms. Lightfoot's case.

Likewise, Mr. Baker argued that the transcript of the expedited hearing attached to his response indicates that Ms. Lightfoot had no problems testifying in detail during direct examination. However, he pointed out that Ms. Lightfoot expressed an inability to understand and answer simple questions during cross-examination. Mr. Baker also noted that Ms. Lightfoot had failed to file any medical records to support her claim despite having filed her Petition for Benefit Determination over eight months ago. He asserted that the three sworn affidavits admitted into evidence at the expedited hearing demonstrate that Ms. Lightfoot did not sustain a back injury on her alleged injury date, and those affidavits remain unrefuted. Therefore, in light of those facts and given the fact that the status hearing to date resulted in no progress in this case, Mr. Baker asserted this case should be dismissed with prejudice.

On April 27, 2016, Ms. Lightfoot faxed another letter to the Clerk. The letter is to the attention of "Mrs. Penny Shrum (the Clerk) and others in association with this matter." In her letter, Ms. Lightfoot stated she had "not agreed to dismiss the matter of Mr. Grishams' [sic] representation of my case." She asserted Mr. Grisham did not properly represent her. Ms. Lightfoot stated she filed a complaint with the Board of Professional Responsibility "to protect [her] interest in this case because of his negligence" although she "wanted him to continue on with [her] case." However, Ms. Lightfoot confirmed she has not withdrawn her complaint from the Board of Professional Responsibility. Further, she advised that she "will be in to swear out [her] own affidavit.

## Discussion

Pursuant to Rule 41.02(1) (2015) of the Tennessee Rules of Civil Procedure, a court can dismiss a claim "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Although Rule 41.02(1) (2015) references that "a defendant may move for dismissal," the Tennessee Supreme Court has stated "a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action." *Dextra v. Western Express, Inc.*, No. M2006-01815-WC-R3-WC, 2007 Tenn. LEXIS 909, at *6 (Tenn. Workers' Comp. Panel Oct. 25, 2007) (citing *Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730, 731 (Tenn. 1978)).

Despite the fact that an Agreed Order Withdrawing Request for Expedited Hearing was entered on December 21, 2015, allegedly due to concerns regarding Ms. Lightfoot's competency, no action whatsoever was taken in this matter until after the show cause hearing held on April 20, 2016. At the February 18, 2016 status hearing, Mr. Grisham conveyed to the Court that a personal medical condition hindered him in addressing Ms. Lightfoot's competency. At that point, the Court's Order issued on February 26, 2016, directed the parties "to report as to the status of Ms. Lightfoot's competency and to advise whether Ms. Lightfoot will request a hearing or take a non-suit." The Court also advised that it would "establish a deadline for the filing of a request for a hearing" at the next status hearing set for March 14, 2016.

Mr. Grisham did not participate in the March 14, 2016 status hearing. At the show cause hearing, he indicated he was unable to attend the status hearing because he was in court elsewhere on another matter. The Order issued by the Court on March 15, 2016, required Ms. Lightfoot either to file a request for a hearing on or before March 28, 2016, or to file a Notice of Non-Suit. The Order expressly stated it would dismiss Ms. Lightfoot's claim with prejudice for failure to timely prosecute if she failed to comply with the Court's Order. No such filings occurred. The Court subsequently issued a Show Cause Order on April 7, 2016, notifying the parties that the hearing scheduled on April 20, 2016, was for Ms. Lightfoot to show cause as to why the Court should not dismiss her case.

At the show cause hearing on April 20, 2016, Mr. Grisham advised the Court: (1) he had the wrong impression about what the hearing was about; (2) he did not receive the March 15, 2016 Order issued by the Court because he was having problems with his internet provider and e-mail;[2] and, (3) he needed to file a motion to withdraw upon Ms. Lightfoot, stating she did not feel he had properly represented her. In the Motion to Set Case for Hearing filed by Mr. Grisham on April 26, 2016, he provided a contradictory

---

[2] The Court also notes that Mr. Grisham announced to the Court during the expedited hearing in December 2015 that he had not received Mr. Baker's first e-mail regarding outstanding discovery until the day before the hearing due to internet provider and/or e-mail problems.

explanation as to why he did not see the March 15, 2016 Order issued by the Court. Instead of having e-mail and/or internet provider problems as he originally referenced, Mr. Grisham stated he was out of town for a funeral and suffered severe allergies that affected his eyes and required him to use eye drops. He stated he did not see the Order because "[t]he e-mail was received during that episode and was inadvertently overlooked."

Regardless of whether any of the foregoing reasons proffered by Mr. Grisham from February 2016 forward had any indicia of truth, the pattern demonstrated shows that: (1) Mr. Grisham was not prepared for the February 2016 hearing; (2) Mr. Grisham did not attend the March 14, 2016 hearing; (3) Mr. Grisham did not open the e-mail containing the Court's March 15, 2016 Order; (4) Mr. Grisham did not comply with the March 15, 2016 Order; and, (5) Mr. Grisham was not prepared for the show cause hearing on April 20, 2016. Additionally, as of the issuance of this Order, neither Mr. Grisham nor Ms. Lightfoot filed medical records in support of Ms. Lightfoot' claim. An evaluation regarding Ms. Lightfoot's competency never occurred. Further, Mr. Grisham did not file a request for a hearing on behalf of Ms. Lightfoot until six days after the show cause hearing.

Accordingly, pursuant to Rule 41.02(1) (2015) of the Tennessee Rules of Civil Procedure and the Court's Order issued on March 15, 2016, the Court dismisses Ms. Lightfoot's claim with prejudice to its refiling.

IT IS, THEREFORE, ORDERED as follows:

1. Ms. Lightfoot's claim for benefits under the Tennessee Workers' Compensation Act is dismissed *with prejudice* to the refiling of the claim; and,

2. The Court taxes the $150 filing fee in this claim to Xerox and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2015) of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation, for which execution may issue as necessary. Xerox or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims; and,

3. Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 3rd DAY OF MAY, 2016.

**Audrey A. Headrick, Judge**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request For Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order of Dismissal was sent to the following recipients by the following methods of service on this the 3rd day of May, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Carrie K. Lightfoot | X | | | | | **5615 Pinelawn Avenue Chattanooga, TN 37411** |
| Art Grisham, Esq. | | | | | X | agrisham@grishambell.com |
| Fred Baker, Esq. | | | | | X | fbaker@wimberlvlawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9