IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2007 Session

## RAY A. WILSON, ET AL. v. ROBERT J. SCHWIND, M.D., ET AL.

**Appeal from the Law Court for Washington County**
**Nos. 22428, 25019   Thomas J. Seeley, Jr., Judge**

---

**No. E2007-00305-COA-R3-CV   Filed December 28, 2007**

---

In this medical malpractice action, Ray A. Wilson and his wife, Beverly Wilson, (the "Plaintiffs") sued the anesthesiologist and medical group responsible for administering anesthesia for Mr. Wilson's cataract surgery.  Plaintiffs allege that the improper administration of anesthetic resulted in permanent blindness in Mr. Wilson's right eye.  The defendants filed a Motion for Summary Judgment and attached an affidavit and deposition of an expert witness.  At the hearing on the summary judgment motion, the Trial Court granted Plaintiffs' oral motion to take a voluntary dismissal of their case without prejudice.  The defendants filed a motion to alter or amend the order of dismissal so as to be "with prejudice," and the Trial Court granted the defendants' motion. Plaintiffs filed a motion requesting a rehearing.  At the hearing on Plaintiffs' motion, the Trial Court set aside its order amending the dismissal to be with prejudice and allowed Plaintiffs 30 days to file an expert witness affidavit in response to the defendants' Motion for Summary Judgment.  Plaintiffs attempted to fax file an affidavit in opposition to the Motion for Summary Judgment.  A few months later, Plaintiffs filed a second lawsuit in the same court against the same parties, alleging the same malpractice that was the basis of the first lawsuit.  The defendants filed a Motion to Dismiss the second lawsuit.  Following a hearing on both cases, the Trial Court found that fax filing an affidavit was not permitted by the Tennessee Rules of Civil Procedure, and therefore, Plaintiffs had not responded to the defendants' Motion for Summary Judgment.  Consequently, the Trial Court granted summary judgment to the defendants in the first case.  The Trial Court dismissed the second lawsuit upon finding that the first case was pending when the second case was filed and when the Motion to Dismiss was heard.  Plaintiffs appeal.  We find no error in the Trial Court's rulings, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Bob McD. Green, Johnson City, Tennessee, for the Appellants, Ray A. Wilson and wife, Beverly Wilson.

Charles T. Herndon, IV, and Bradley E. Griffith, Johnson City, Tennessee, for the Appellees, Robert J. Schwind, M.D., and Anesthesia and Pain Consultants, P.C.

# OPINION

## *I. Background*

Plaintiffs filed suit against Judaun Alison, M.D., Robert James Schwind, M.D., University Physicians Practice Group, and Anesthesia and Pain Consultants, P.C. ("Case No. 22428"). The complaint alleged that the defendants performed cataract surgery on Mr. Wilson's right eye and administered anesthesia before the surgery. The complaint also alleged that the improper administration of the anesthetic caused permanent blindness in Mr. Wilson's eye. Plaintiffs later voluntarily dismissed Judaun Alison, M.D., and University Physicians Practice Group from the lawsuit, leaving Robert James Schwind, M.D., and Anesthesia and Pain Consultants, P.C., as the remaining defendants (collectively the "Defendants").

Defendants filed an Answer denying any negligence on their part. Defendants then filed a Motion for Summary Judgment, a concise statement of facts pursuant to Tenn. R. Civ. P. 56, and Dr. Schwind's deposition testimony and affidavit. Plaintiffs did not respond to Defendants' Motion for Summary Judgment but did file a Motion for Extension, which apparently was not ruled on by the Trial Court. At the hearing on Defendants' summary judgment motion, Plaintiffs moved orally for a voluntary dismissal. The Trial Court granted Plaintiffs' motion and dismissed the case without prejudice by order entered March 24, 2005.

Defendants filed a Motion to Alter or Amend Judgment, requesting that the Trial Court amend its previous order to state that the dismissal of Plaintiffs' case was with prejudice, instead of without prejudice. Defendants asserted that Plaintiffs did not have the absolute right to take a voluntary dismissal when a motion for summary judgment was pending. The Trial Court conducted a hearing on Defendants' motion on June 6, 2005, which Plaintiffs' counsel failed to attend. During the hearing, the Trial Court ordered that "the voluntary dismissal of the Plaintiff's [sic] cause of action entered with the Court on March 24, 2005 is to be altered and amended and summary judgment is granted to the Defendants." An order reflecting this ruling was entered on June 7, 2005.

Plaintiffs filed a Motion Requesting Rehearing, stating that Plaintiffs' counsel failed to attend the June 6, 2005, hearing due to a calendaring error in his office. The Trial Court held a hearing on Plaintiffs' motion, after which it entered the following order on August 12, 2005:

> This cause came on for hearing . . . on the 5th day of August, 2005, on the Plaintiff's "Motion Requesting Hearing", and from the argument of counsel, there being no additional filings, the Court did set aside the Order of June 6, 2005, and granted the Plaintiff 30 days additional time from August 5, 2005, within which to file an affidavit of an expert witness in opposition to the motion for summary judgment, though the case had been voluntarily dismissed by Plaintiff through Order of this Court on March 24, 2005, and all of which was

objected to by the Defendant.

IT IS THEREFORE, ORDERED that the previous Order of this Court granting the motion to alter or amend the Order of Voluntary Dismissal of the Plaintiff, is set aside, and the Plaintiff is granted 30 days from August 5, 2005, in which to obtain and file an affidavit from a qualified expert in opposition to the motion for summary judgment.

Plaintiffs faxed a Response to Defendant's Concise Statement of Facts and an Affidavit of Jeffrey A. Green, M.D., to the court clerk's office on the evening of September 6, 2005, which was filed by the court clerk the following day. On May 17, 2006, Defendants filed a motion asking the Trial Court to "alter or amend the Order entered by this Court on or about August 12, 2005, and/or for relief from the Order of August 12, 2005, and or [sic] to reinstate Order Sustaining Summary Judgment, dismissing this cause with prejudice . . . ."

No further action was taken in Case No. 22428 for several months. In the meantime, on February 23, 2006, Plaintiffs filed a second lawsuit in the same court, Case No. 25019, against Defendants concerning the same claims and issues raised in the first lawsuit. Defendants filed a Motion to Dismiss Case No. 25019 "based on the fact that this same cause of action is pending in a prior case with the same issues and the same parties . . . and/or for failure to state a claim upon which relief may be granted." Plaintiffs responded by asserting that the Trial Court's August 12, 2005, order had resulted in the dismissal of Case No. 22428 without prejudice, thus leaving Plaintiffs free to refile their lawsuit.

On November 22, 2006, the Trial Court held a hearing in Case No. 22428 and Case No. 25019. At this time, the Trial Court granted Defendants' Motion to Dismiss Case No. 25019 "because the exact same cause of action was pending in this Court in Civil Action Number 22428." As to Case No. 22428, the Trial Court reinstated its previous grant of Defendants' Motion to Alter or Amend, granted summary judgment to Defendants, and dismissed Plaintiffs' complaint with prejudice. Orders reflecting these dismissals were entered on January 8, 2007. Plaintiffs appeal.

## II. Discussion

Plaintiffs state the issue for our review as follows:

1. Whether the Trial Court erred in dismissing Case No. 25019 with prejudice following the entry and reinstatement of a Voluntary Dismissal Without Prejudice entered in the original case, Case No. 22428.

Given the issue as raised by Plaintiffs in this appeal, we believe the dispositive question to be whether Case No. 22428 was voluntarily dismissed without prejudice before the entry of summary judgment in that case and before the dismissal of Case No. 25019 based on a prior suit

-3-

pending. Plaintiffs argue that they already had taken a voluntary dismissal without prejudice in Case No. 22428 before summary judgment was entered in that case and before Case No. 25019 was dismissed, and, therefore, the Trial Court erred in granting summary judgment in Case No. 22428 and dismissing Case No. 25019.

In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

Before we can decide whether the Trial Court erred in dismissing Case No. 25019, we first must determine the Trial Court's disposition of Case No. 22428. Plaintiffs maintain that the Trial Court reinstated its original order granting Plaintiffs' motion for voluntary dismissal without prejudice, and that this dismissal without prejudice concluded Case No. 22428 and left Plaintiffs free to file another lawsuit against Defendants. Defendants assert that the Trial Court set aside its order granting Defendants' request that the dismissal be "with prejudice" to allow Plaintiffs an additional 30 days within which to file an expert witness affidavit to rebut Defendants' Motion for Summary Judgment before the Trial Court would rule on Defendant's summary judgment motion. Defendants further assert that the Trial Court properly granted Defendants summary judgment after the passage of the additional 30 days. After a careful review of the record, we agree with Defendants' interpretation of the Trial Court's August 12, 2005, order and the resulting orders of the Trial Court.

In two different places in its August 12, 2005, order, the Trial Court set aside its June 7, 2005, order dismissing Plaintiffs' complaint with prejudice and granted Plaintiffs an additional 30 days to file an expert witness affidavit in opposition to Defendants' Motion for Summary Judgment. In light of the Trial Court's specific provision allowing Plaintiffs an additional 30 days in which to file an expert witness affidavit in opposition to Defendants' Motion for Summary Judgment, we can conclude only that the Trial Court's intent was to vacate its orders dismissing the case either with or without prejudice and then to decide Defendants' Motion for Summary Judgment after first giving Plaintiffs another opportunity to rebut the expert evidence already presented by Defendants. If, as Plaintiffs argue, the intent and the result of the August 12, 2005, order was a dismissal without prejudice of their lawsuit, there then would have been no lawsuit pending in which to give Plaintiffs an additional 30 days to file an expert witness affidavit in response to Defendant's Motion for Summary Judgment and no lawsuit pending in which to file such an affidavit.

It is important to note that Plaintiffs attempted to fax file an affidavit in accordance with the Trial Court's order. If Plaintiffs truly interpreted the Trial Court's August 12, 2005, order solely as a reinstatement of the previous order of voluntary dismissal without prejudice, then, in their view, the case would have been over and there would have been neither a need to file an affidavit in opposition to Defendants' summary judgment motion nor any case pending in which to file any such affidavit. In Plaintiffs' Response to Defendants' Motion to Dismiss filed in Case No. 25019,

Plaintiffs argue that "[t]he language used in that Order provided that the Plaintiff[s] 'obtain and file' an opposing Affidavit, using the word 'and' as a connective simply indicates that the Court would like to be reassured of the correctness of his decision in reinstating the Voluntary Non-Suit *without Prejudice* and that there was in fact a viable cause of action present." While we admire Plaintiffs' creativity, we decline to adopt this reasoning.

We have previously stated that "the trial judge is in the best position to interpret his own orders." *Mark Pirtle Chevrolet, Inc. v. Celebration Nissan, Inc.*, No. M2002-00554-COA-R3-CV, 2003 WL 21047139, at *3 (Tenn. Ct. App. M.S., May 9, 2003). We find the same to be true in this case as well. In its January 8, 2007, order reinstating the grant of summary judgment to Defendants in Case No. 22428, the Trial Court stated in pertinent part as follows regarding the August 5, 2005, hearing:

> 6. . . . [B]y the agreement of the parties the Plaintiff was given 30 days from August 5, 2005, to file a competent Affidavit from an expert witness sufficient to rebut the Motion for Summary Judgment, before Rehearing.
>
> 7. On or about September 6, 2005, the Plaintiff attempted to FAX file an Affidavit of Jeffrey A. Green, M.D., which filing was in violation of T.R.C.P. 5A.02(4)(c)[1], as the document required an official seal, and is not permitted to be filed by FAX, and the Affidavit did not set forth the basis on which Jeffrey A. Green, M.D., was familiar with the standard of care in Johnson City, Tennessee or similar communities. The Court notes that to the date of the hearing on November 22, 2006, a period in excess of [a] year from the previously ineffective FAX filing, a proper affidavit has still not been filed with this Court.
>
> \*            \*            \*
>
> 10. The court finds that the original non-suit was improvidently granted, was granted in violation of Local Rule 5.01(E), and was granted without a sufficient reason set forth by Plaintiff. The motion to alter or amend, which was originally unopposed is re-instated [sic], and the motion for summary judgment is granted, there having been no competent opposition filed to it to date of this hearing.
>
> IT IS THEREFORE, ORDERED that the previous Order of this

---

[1]Rule 5A.02(4)(c) of the Tennessee Rules of Civil Procedure provides as follows: "(4) The following documents shall not be filed in the trial court by facsimile transmission: . . . (c) A will or codicil to a will; a bond; or any pleading or document requiring an official seal . . . ." Tenn. R. Civ. P. 5A.02(4)(c).

Court granting the motion to alter or amend the Order of Voluntary Dismissal of the Plaintiff, is reinstated, Summary Judgment is granted, and this cause is hereby dismissed with full prejudice.

The Trial Court's January 8, 2007, order clearly shows that the Trial Court's intent in its August 12, 2005, order was to allow Plaintiffs an additional 30 days to file an expert witness affidavit before ruling on Defendants' Motion for Summary Judgment. The fact that Plaintiffs attempted to file an affidavit in accordance with the Trial Court's August 12, 2005, order lends further credence to the only logical conclusion that the Trial Court, as well as the parties, understood that the case had not been dismissed and that Plaintiffs had an additional 30-day opportunity to submit an expert witness affidavit before the Trial Court ruled on Defendants' Motion for Summary Judgment.

Taking all of this into consideration, we find that the Trial Court's August 12, 2005, order did not result in reinstatement of the order of voluntary dismissal without prejudice. Instead, the Trial Court allowed Plaintiffs an additional 30 days to file an expert witness affidavit in opposition to Defendants' Motion for Summary Judgment before finally ruling on Defendants' Motion for Summary Judgment. Plaintiffs failed to properly file such an affidavit, and the Trial Court granted summary judgment to Defendants.

Plaintiffs on appeal never take issue with the merits of the Trial Court's decision to grant Defendants summary judgment if Case No. 22428 was not dismissed without prejudice as a result of the August 12, 2005, order. Despite the fact that Plaintiffs did not raise this issue, we feel it best to discuss briefly the grant of summary judgment.

The Tennessee Supreme Court has described the process for reviewing a trial court's grant of summary judgment as follows:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements.

> *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

In the case before us, we agree with the Trial Court's decision that Defendants' affidavit and deposition of Robert J. Schwind, M.D. filed with the Trial Court in support of Defendants' Motion for Summary Judgment properly supported that motion. As a result, the burden shifted to Plaintiffs "to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." Plaintiffs failed to file an opposing expert affidavit to rebut Defendants' expert testimony and, consequently, did not establish any disputed, material facts necessitating a trial. Therefore, we find that the Trial Court correctly granted summary judgment to Defendants, and we affirm the Trial Court's judgment on this issue.

The Trial Court dismissed Case No. 25019 based upon its finding that Case No. 22428 was pending. Plaintiffs do not raise as an issue whether the Trial Court erred if there was a prior suit pending. Plaintiffs base their entire argument on their position that there was no prior suit pending as Case No. 22428 had been dismissed without prejudice, a position we have rejected. However, we will discuss briefly the Trial Court's decision to dismiss Case No. 25019 under the prior suit pending doctrine.

The Tennessee Supreme Court has described the prior suit pending doctrine as follows:

> For well over a century our courts have consistently held that where two courts have concurrent jurisdiction over a matter, the first of those courts to acquire jurisdiction takes exclusive jurisdiction over it. Any subsequent actions must, therefore, be dismissed.
> *      *      *
> It has been clearly established, and held repeatedly, that in order for the doctrine of prior suit pending to apply, three conditions must be met; they are as follows:
>
> (1) The two cases must involve identical subject matter, and
>
> (2) The suits must be between the same parties, and
>
> (3) The former suit must be pending in a court of this state having jurisdiction over both the subject matter and the parties.

*Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 746 (Tenn. 2006). Clearly the two suits filed by Plaintiffs fit this description. Case No. 22428 and Case No. 25019 were filed in the same court, have the same parties, and involve the same subject matter – a medical malpractice action for the blindness allegedly resulting from anesthesia administered by Defendants prior to Mr. Wilson's eye surgery. Furthermore, the Trial Court found, and we have affirmed this decision, that Case No. 22428 still was pending when Plaintiffs filed Case No. 25019 and at the time of the hearing on the Motion to Dismiss in Case No. 25019. Therefore, the Trial Court correctly applied the doctrine of prior suit pending to dismiss Case No. 25019, and we affirm.

### III. Conclusion

After careful review, we affirm the Trial Court's dismissal of both of Plaintiffs' lawsuits and remand for collection of costs. Costs on appeal are taxed against the Appellants, Ray A. Wilson and Beverly Wilson, and their surety, if any.

_____
D. MICHAEL SWINEY, JUDGE