FILED
05/27/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 20, 2020 Session

## DARRELL VAULX v. TENNESSEE DEPARTMENT OF TRANSPORTATION

Appeal from the Chancery Court for Davidson County
No. 19-628-IV      Russell T. Perkins, Chancellor

_____

### No. M2020-00193-COA-R3-CV

_____

A preferred service employee appealed the termination of his employment. After failing to obtain relief at the Step I or Step II reviews, the employee requested a Step III hearing before the Board of Appeals. At the conclusion of the employee's proof, the state agency moved for an involuntary dismissal. The Board of Appeals found the employee had failed to present sufficient evidence to show a right to relief. The Board dismissed the appeal and upheld the dismissal decision. The employee sought judicial review of the Board's decision. The chancery court affirmed. Finding no basis to reverse or modify the Board's decision, we also affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Darrell Vaulx.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Rachel A. Newton, Assistant Attorney General, for the appellee, Tennessee Department of Transportation.

## OPINION

### I.

Darrell Vaulx was a senior mechanic for the Tennessee Department of Transportation ("TDOT"). He supervised the mechanics and the stockroom supplies at the

TDOT garage in Arlington, Tennessee. As part of his duties, Mr. Vaulx authorized payments to outside vendors for some services and parts.

TDOT terminated Mr. Vaulx's employment, effective October 14, 2018. The termination letter charged Mr. Vaulx with gross misconduct, conduct unbecoming a state employee, misappropriation of state funds, and fraud. According to the letter, an internal audit had revealed that Mr. Vaulx facilitated a large number of unauthorized transactions with the same outside vendor. The audit identified 187 questionable transactions between July 1, 2016, and September 17, 2018. Of this total, Mr. Vaulx was directly responsible for 153 transactions, totaling $123,847.86.

The letter notified Mr. Vaulx that, as a preferred service employee, he could appeal the termination decision. *See* Tenn. Code Ann. § 8-30-318 (Supp. 2020). Mr. Vaulx initiated a Step I review by filing a complaint with the TDOT Commissioner. The Commissioner upheld the termination decision. Mr. Vaulx's Step II review yielded the same result. Upon further review, the Commissioner of Human Resources also upheld his dismissal. Finally, Mr. Vaulx requested a Step III appeal hearing before the Board of Appeals.

Mr. Vaulx represented himself at the Step III hearing. His proof consisted of testimony from ten witnesses, including himself. After he presented his evidence, TDOT moved for a directed verdict, arguing that he had not met his burden of proof. The administrative law judge ("ALJ") treated the motion as a motion for involuntary dismissal. *See* Tenn. R. Civ. P. 41.02(2). The ALJ instructed the Board on the applicable law and gave both sides an opportunity to present their arguments. The Board determined that Mr. Vaulx had failed to present sufficient evidence to meet his burden of proof. So they dismissed his appeal and upheld his dismissal.

Mr. Vaulx petitioned for judicial review in Davidson County Chancery Court. And the chancery court affirmed the Board's decision.

## II.

### A.

Like the trial court, we review decisions of the Board of Appeals using the judicial review standards in the Uniform Administrative Procedures Act ("UAPA"). Tenn. Code Ann. § 8-30-318(j). We will only reverse or modify the Board's decision

> if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

2

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5) (A) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h) (Supp. 2020).

The Tennessee Excellence, Accountability, and Management Act of 2012 (the "TEAM Act") provides the framework for our decision. *See id.* §§ 8-30-101 to -407 (2016 & Supp. 2020); *see generally Tenn. Dep't of Corr. v. Pressley*, 528 S.W.3d 506, 514-15 (Tenn. 2017). The TEAM Act provides a streamlined, three-step appeal process for preferred service employees seeking to challenge a dismissal decision. *Id.* § 8-30-318; *Pressley*, 528 S.W.3d at 515 n.4, 519-20.

A preferred service employee may initiate a Step I appeal by filing a written complaint with the Commissioner of the employing agency. Tenn. Code Ann. § 8-30-318(h)(1)(A). The Commissioner or his designee investigates the complaint and shares all relevant information with the employee. *Id.* After personally meeting with the employee, the Commissioner issues a written decision. *Id.*

Dissatisfied employees may request a Step II review by the Commissioner of Human Resources. *Id.* § 8-30-318(h)(1)(B)(i). The employee must provide a written argument "setting out why the employee believes the Step I decision was in error and ought to be overturned, reduced, or amended." *Id.* § 8-30-318(h)(1)(B)(ii). The Commissioner reviews the complaint and the Step I decision and determines whether additional investigation is necessary. *Id.* § 8-30-318(h)(1)(B)(i). Again, the employee is entitled to review all documents and evidence considered by the Commissioner. *Id.* After reviewing all the relevant evidence, the Commissioner must provide the employee and the state agency with a written decision. *Id.*

Either party may initiate a Step III appeal to the Board of Appeals. *Id.* § 8-30-318(h)(1)(C). A Step III review includes a formal hearing before three members of the Board of Appeals. *Id.* § 8-30-318(h)(2). At the outset, an ALJ reviews the file to "determine whether all previous procedural requirements were completed properly and in a timely manner." *Id.* § 8-30-318(h)(1)(C). If not, the ALJ must dismiss the appeal. *Id.*

Step III hearings are conducted in accordance with the UAPA, as modified by the TEAM Act. *Id.* An ALJ is present during the hearing to assist the Board. *Id.* § 8-30-318(h)(2). The ALJ ensures that the proceedings comply with the applicable law. *Id.* The ALJ also makes evidentiary decisions, swears witnesses, and advises the Board on the

3

applicable law.  *Id.*  The ALJ may also decide questions of procedure.  *Id.*  But the Board decides all factual issues and makes the ultimate decision.  *Id.*  No petitions for reconsideration are allowed.  *Id.* § 8-30-318(i)(7).

B.

Mr. Vaulx contends that the ALJ made multiple errors in the conduct of the hearing. Judges have "very broad discretion in the conduct of a trial."  *Shelby Cty. v. Barden*, 527 S.W.2d 124, 131 (Tenn. 1975).  An ALJ's scope of authority during a contested case hearing is "much like that of a trial judge."  *Tenn. Dep't of Env't & Conservation v. Roberts*, M2020-00388-COA-R3-CV, 2021 WL 388611, at *5 (Tenn. Ct. App. Feb. 3, 2021); *see also* Tenn. Code Ann. § 8-30-318(h)(2) (describing the role of the ALJ at the Step III hearing).  We find no abuse of discretion here.  *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

The ALJ assigned the burden of proof at the Step III hearing to Mr. Vaulx.  *See Pressley*, 528 S.W.3d at 522-23.  He argues that requiring him to bear that burden was unfair and possibly unconstitutional.  But Mr. Vaulx was the petitioning party.  And our supreme court has held that the petitioning party should bear the ultimate burden of proof. *Id.* at 522.  We have "no authority to overrule or modify Supreme Court opinions." *Bloodworth v. Stuart*, 428 S.W.2d 786, 789 (Tenn. 1968).

Mr. Vaulx also complains that the ALJ impeded his efforts to present his evidence to the Board.  We find his argument unavailing.  At the outset of the hearing, the ALJ instructed Mr. Vaulx to present relevant evidence, not "ancillary miscellaneous information."  She also warned him that she would limit repetitive witnesses, meaning those "who are going to say the same thing as witnesses that came before."  And during his opening statement, she stopped him from delving into unrelated events in 2005.  The ALJ's evidentiary instructions complied with applicable law.  *See* Tenn. R. Evid. 401, 403.  And Mr. Vaulx's statements did not constitute evidence.  *See Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 732 (Tenn. 1978).  Mr. Vaulx fails to explain what evidence he was unable to present or how that evidence would have affected the outcome of the hearing.

He also claims that the ALJ erred in treating TDOT's motion for a directed verdict as a motion to dismiss.  TDOT argued that the appeal should be dismissed because Mr. Vaulx had not presented sufficient evidence to satisfy his burden of proof.  It is undisputed that TDOT cited the wrong rule, Rule 50, for its motion.  *See* Tenn. R. Civ. P. 50.01.  TDOT should have referenced Rule 41.02(2).  *See Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002) (contrasting the two rules).

The ALJ did not abuse her discretion when she disregarded an apparent misnomer and applied the appropriate legal standard to TDOT's motion.  "Courts should give effect to the substance of motions rather than their form or title."  *State v. NV Sumatra Tobacco*

4

*Trading Co.*, 403 S.W.3d 726, 739 (Tenn. 2013). They may apply the appropriate "legal standard regardless of the rule referenced by [the movant] in his motion." *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008).

The fact that Mr. Vaulx represented himself at the hearing does not change this conclusion. Pro se litigants "are entitled to fair and equal treatment by the courts." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Still, they must comply "with the same substantive and procedural rules that represented parties are expected to observe." *Id.* They "should not be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

C.

Rule 41.02(2) motions "challenge the sufficiency of the plaintiff's proof." *Burton*, 129 S.W.3d at 520. The court must "impartially weigh and evaluate the plaintiff's evidence just as it would after all the parties had concluded their cases." *Id.* The case should be dismissed if the plaintiff "has failed to demonstrate [a] right to relief by a preponderance of the evidence." *Via v. Oehlert*, 347 S.W.3d 224, 228 (Tenn. Ct. App. 2010). The ALJ instructed the Board on this legal standard. The Board then evaluated Mr. Vaulx's proof and determined he had failed to show that TDOT lacked sufficient cause for his dismissal.

Mr. Vaulx maintains that the Board erred in dismissing his appeal because his complaint cleared the initial procedural hurdle and he denied the allegations against him. We disagree. Mr. Vaulx misunderstands the purpose of the ALJ's initial review. Prior to the hearing, the ALJ determined that "all previous procedural requirements were completed properly and in a timely manner." Tenn. Code Ann. § 8-30-318(h)(1)(C). That determination had no bearing on the proof necessary to establish a prima facie case. *See* Tenn. R. Civ. P. 41.02(2). And he mischaracterizes his evidence at the hearing. To support his claim that he denied TDOT's allegations, Mr. Vaulx cites to his opening statement in which he denies the charges of gross misconduct, conduct unbecoming a state employee, misappropriation of state funds, and fraud. But his statements during opening were not evidence. *See Harris*, 574 S.W.2d at 732. And he merely denied the charges, not the factual allegations that supported them.

Mr. Vaulx was terminated after an internal audit revealed that he was responsible for a significant number of questionable or duplicative transactions involving a single individual.[1] The audit identified 187 questionable transactions with one vendor between July 1, 2016, and September 17, 2018. Mr. Vaulx personally accounted for 153 of those transactions for a total cost of $123,647.86. Many transactions lacked proper

---

[1] The individual owned two companies that did business with the TDOT garage, Jim's Towing Services, Inc. and Jim's Auto Body Shop, Inc.

5

documentation, rendering them unverifiable. Others were duplicative, meaning that the vendor's invoice was paid twice.

As senior mechanic, Mr. Vaulx opened and closed work orders, made necessary purchases, oversaw the stockroom inventory, and ensured that invoices had proper documentation before they were presented for payment. He denied any intentional wrongdoing, explaining "I did not pay these bills incorrectly in my way of thinking." But he did not come forward with any evidence to disprove the audit results. He simply emphasized that "[e]very transaction that I did was approved through a chain of command." While acknowledging that mistakes were made, he blamed the payment system and his superiors for not catching his errors.

Mr. Vaulx did not present sufficient evidence to meet his burden of proof. The vast majority of his transactions with an outside vendor lacked sufficient documentation or were associated with a pattern of double billing. His explanations, while negating any intentional misbehavior, did not address TDOT's concerns about his "ability to successfully fulfill the requirements of the job." Tenn. Comp. R. & Regs. 1120-10-.02 (2019) (describing causes for disciplinary action).

## III.

We discern no reversible error in the ALJ's conduct of the Step III hearing. Because Mr. Vaulx failed to demonstrate a right to relief by a preponderance of the evidence, his Step III appeal was properly dismissed. None of the grounds for reversal of the Board's decision specified in Tennessee Code Annotated § 4-5-322(h) are present here. So we affirm.

_____s/ W. Neal McBrayer_____
W. NEAL McBRAYER, JUDGE

6